UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **LaDONNA DELGADO, wife of and** | * | |
| **RAYMOND "RICH" DELGADO** | * | **CIVIL ACTION** |
| | * | **NO.:** |
|    **Plaintiffs** | * | |
| | * | **JUDGE** |
| **VERSUS** | * | |
| | * | **MAGISTRATE** |
| **CENTER ON CHILDREN, INC.,** | * | |
| **MID-ATLANTIC CHURCH OF THE** | * | |
| **NAZARENE, WASHINGTON DISTRICT** | * | |
| **CHURCH OF THE NAZARENE, DONALD** | * | |
| **"DON" F. ALLISON, KENNETH L. MILLS,** | * | |
| **AND LAWRENCE A. SCHINDEL** | * | |
| | * | |
|    **Defendants** | * | |

_____

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that Mid-Atlantic District Church of the Nazarene (formerly known as the Washington District Church of the Nazarene) and Kenneth L. Mills, Defendants, through undersigned counsel, remove the proceeding entitled *LaDonna Delgado, et al versus Center for Children, Inc., et al.*, bearing Docket No. 2010-14206 "A," from the Twenty-Second Judicial District Court for the Parish of St. Tammany, State of Louisiana (hereinafter referred to as the "State Court Action"), to the United States District Court for the Eastern District of Louisiana. In support of this *Notice of Removal*, Defendants aver:

    1.    On June 25, 2010, the plaintiffs filed their Petition ("*Petition*") in the state court below.

2. On July 7, 2010, the Clerk of Court in the State Court Action issued summons to all named defendants.

3. On or after July 15, 2010, Mid-Atlantic District Church of the Nazarene (formerly known as the Washington District Church of the Nazarene) and Kenneth L. Mills received the citation and Petition by certified mail.

4. According to affidavits filed on or about July 30, 2010 by the Plaintiffs in the state court proceedings, Center on Children, Inc. was served through Lawrence A. Schindel and Lawrence A. Schindel was individually served on July 19, 2010.

5. As of August 16, 2010, there is no reference in the online records available for the state court proceedings to service of citation being made on Donald F. Allison or the Washington District Court of the Nazarene.

6. There is no basis or need for service on the Washington District Court of the Nazarene since the proper name of that entity is now the Mid-Atlantic District Church of the Nazarene. The Washington District Court of the Nazarene is a nominal party whose consent to removal is not necessary. To the extent that any consent is deemed necessary, the Mid-Atlantic District Church of the Nazarene consents to such removal as the successor of the Washington District Court of the Nazarene.

7. A copy of Donald F. Allison's consent to removal is attached as Exhibit "A".

8. A copy of Larry Schindel's consent to removal individually and as the resident agent for the Center on Children, Inc. is attached as Exhibit "B".

9. Upon information and belief, Center on Children, Inc. is a dissolved corporation in its State of Incorporation and may be served with lawsuits through a representative such as Larry Schindel, who may act on behalf of the dissolved corporation as allowed by law.

10. Pursuant to 28 U.S.C. § 1446(b), Defendants filed this notice of removal within thirty (30) days of the date on which the first defendant was served.

11. 28 U.S.C. § 1441(b) provides: "Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties."

12. Louisiana law requires fact pleading in any petition and does not require that claims or theories of recovery be identified or stated. *Wright v. Louisiana Power & Light*, 2006-1181 (La. 3/9/07), 951 So.2d 1058, 1069.

13. The Petition sets forth allegations of facts that include claims that arise under one or more laws of the United States of America as the Petition describes the Plaintiffs' solicitation for the and subsequent purchase of securities.

14. Plaintiffs seek to recover their principal investments and other relief arising out of two securities in the form of promissory notes issued by the Center on Children, Inc.

15. Plaintiffs' claims apparently arise out of Sections 12(1), 12(2) and 15 of the Securities Act of 1933, Section 20 of the Securities Exchange Act of 1934, and other applicable federal laws and regulations.

16. Accordingly, the resolution of the allegations, claims and disputes described in the Petition will involve the consideration of substantial questions of federal law arising under the Securities Act of 1933, 15 U.S.C. § 77a, *et seq.*, the Securities Exchange Act of 1934, 15 U.S.C. § 78a, *et seq.* and other applicable federal laws.

17. This Court has subject matter jurisdiction over these disputes pursuant to 28 U.S.C. § 1331 and other applicable federal laws.

18. Alternatively, upon information and belief, this Court has diversity jurisdiction over these claims based on 28 USC § 1332(a) and 28 USC §1441(a) because there is complete diversity of citizenship between the Plaintiffs and all Defendants, and the amount in controversy could reasonably be in excess of $75,000, exclusive of interest and costs.

19. Alternatively, upon information and belief, the Plaintiffs have alleged or brought "separate and independent" claims against Mid-Atlantic District Church of the Nazarene (formerly known as the Washington District Church of the Nazarene) and Kenneth L. Mills, Defendants based on 28 USC 1441(c).

20. Venue is proper in this District for the removal pursuant to 28 U.S.C. § 1446(a); however, Defendants reserve their rights to challenge the personal jurisdiction over the Defendants and to move to transfer the venue based on 28 USC 1404 or any other applicable law.

21. Defendants reserve and maintain their rights to assert any defenses and submit any motions in response to the Petition, including but not limited to those defenses and motions specifically and enumerated in Rule 12(b) of the Federal Rules of Civil Procedure, any other Rule and any other applicable law or rule.

22. Pursuant to 28 U.S.C. § 1446(d), the Defendants have provided appropriate notices of this removal to the Plaintiffs and to the Clerk of Court of the Twenty-Second Judicial District Court for the Parish of St. Tammany, State of Louisiana, a copy of which is attached as Exhibit "C."

23. Pursuant to 28 U.S.C. § 1446(a), Defendants obtained a copy of the complete record of the state court proceedings that was available online as of August 16, 2010, which is attached hereto as Exhibit "D".

24. Defendants will file such other additional documents and pleadings as may be required by 28 U.S.C. § 1447(b), or any Local Rule or other law or rule.

**WHEREFORE**, Mid-Atlantic District Church of the Nazarene (formerly known as the Washington District Church of the Nazarene) and Kenneth L. Mills, Defendants, through their counsel of record, respectfully pray that the above action now pending in the Twenty-Second Judicial District Court of the Parish of St. Tammany, State of Louisiana, bearing Civil Action No. 2010-14206 "A", be removed from that State Court to the docket of the United States District Court for the Eastern District of Louisiana.

Respectfully submitted,

/s/George D. Fagan
**GEORGE D. FAGAN, T.A. (#14260)**
**gfagan@leakeandersson.com**
**MARGARET F. SWETMAN (#29195)**
**mswetman@leakeandersson.com**
Leake & Andersson, LLP
1100 Poydras Street, Suite 1700
New Orleans, Louisiana 70163-1701
Telephone: (504) 585-7500
Facsimile: (504) 585-7775
*Attorneys for Defendants, Mid-Atlantic District Church of the Nazarene (formerly Washington District Church of the Nazarene) and Kenneth L. Mills*

## CERTIFICATE OF SERVICE

   I hereby certify that a copy of the above and foregoing pleading has been served upon the all counsel of record by ECF and facsimile on August 16, 2010.

            ___/s/George D. Fagan_____
            **GEORGE D. FAGAN**

CP / 39929 / 11